UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | No: 03-16 |
| KENNETH VICKNAIR, SR. | SECTION: I |

## O R D E R

Before the Court is the motion for reconsideration filed on behalf of defendant, Kenneth Vicknair. Defendant asks the Court to reconsider its order of April 26, 2007, denying in part his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In that order, the Court set a hearing to determine whether defendant had been impermissibly denied his right to testify at trial by his counsel; the Court found defendant's other claims unsupported by case law and the record of the case, however, and denied defendant's motion with respect to those arguments.[1] Defendant asserts that he is entitled to an evidentiary hearing regarding all of the claims presented in his earlier motion.

Defendant relies primarily on *Friedman v. United States*, 588 F.2d 1010 (5th Cir. 1979). In that case, the defendant filed a motion pursuant to § 2255 after being convicted of several fraud charges; he argued that his court-appointed attorney had not provided him with effective representation at trial. *Id.* at 1013. After receiving a response to the claims from the defendant's

---

[1] Rec. Doc. No. 316, p. 10. The Court denied defendant's motion with respect to his arguments that his counsel was ineffective because of alleged physical or mental incapacity during trial and pretrial preparation, for failing to call both expert and lay witnesses, for failing to make objections, and for failing to present an effective opening argument, cross-examination, and closing argument.

attorney, the district court held an evidentiary hearing. At the hearing, however, the district judge instructed that he would only consider evidence regarding an allegedly improper payment the defendant had made to his court-appointed attorney. *Id.* at 1014. As for the remaining allegations in the defendant's motion, "[t]he District Judge stated that on the basis of his experience as presiding Judge at [the defendant's] two trials, he found all of the other allegations in [the defendant's] petition to be 'completely spurious' and 'patently frivolous.'" *Id.* at 1014.

The Fifth Circuit vacated the district court's order, finding that the district judge should have conducted a full evidentiary hearing with respect to the defendant's allegations. The court concluded that "the denial of [the defendant's] petition without a full hearing cannot be justified on the ground that the factual predicates asserted in support of the petition were conclusively negated by the record and matters within the District Judge's personal ken." *Id.* at 1015. While the Fifth Circuit noted that the district judge's observations would be relevant to whether the defense attorney effectively cross-examined witnesses or made required motions, the court found that these trial observations would not provide a basis for judging the defense counsel's actions outside of the courtroom--"inadequate trial preparation, the failure to call certain material witnesses, and the demand and partial payment of a fee in addition to that provided for under the Criminal Justice Act." *Id.* The court concluded that the defendant had made a sufficient showing that he had received ineffective assistance of counsel to warrant a full hearing.

Defendant contends that the holding in *Friedman* requires that the Court open its evidentiary hearing to include all of the issues that he raised in his § 2255 motion. *Friedman*, however, can be distinguished. There, the district judge "relied heavily upon his own observations of the performance of Friedman's court-appointed counsel during both trials in

2

concluding that that performance was not substandard." *Id.* at 1015. Moreover, the Fifth Circuit also noted that if the case had "involved merely conclusory assertions . . . raised for the first time in the motion for post-conviction relief, dismissal of the petition without a hearing on the basis of the attorney's in-court performance might well be justified." *Id.* at 1017. To support his allegation that his attorney improperly required a $400 payment for his defense, the defendant in *Friedman* supplied the district court with a detailed petition and a copy of the cancelled check; in addition, the defendant had previously made similar complaints about his counsel's performance. *Id.* at 1017.

In contrast, defendant has not provided the Court with the same detailed petition or specific evidence with respect to the dismissed claims sufficient to raise a substantial doubt as to his attorney's in-court performance on those issues. In reaching this decision, the Court has not relied solely on its recollections of defendant's counsel during the trial; instead, the Court has reviewed the entire record of the case, including transcripts of the proceedings and the memoranda filed by the parties. In addition, the Court does not find that defendant has produced the "plausible factual allegations and evidence sufficient to raise a substantial doubt that his attorney's in-court performance was not as effective as it might seem to third-party observers" as did the defendant in *Friedman*. *See id.* at 1016. Defendant's previously dismissed claims are the type of unsupported, conclusory allegations that *Friedman* and other Fifth Circuit decisions make clear are ripe for dismissal without an evidentiary hearing.

Accordingly,

**IT IS ORDERED** that the motion for reconsideration filed on behalf of defendant,

3

Kenneth Vicknair,[2] is **DENIED**.

New Orleans, Louisiana, June __13th__, 2007.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[2] Rec. Doc. No. 318.

4